UNITED STATES DISTRICT COURT:
NORTHERN DISTRICT OF NEW YORK:
------------------------------------------------
DONNOCH DANFUNG DENNIS,

|                                                  |                                            |
|--------------------------------------------------|--------------------------------------------|
| Plaintiff,                                       | Civil Case No.:                            |
| vs.                                              | **CIVIL COMPLAINT** **PURSUANT TO 42 U.S.C. §1983** |

THE CITY OF ITHACA, NEW YORK;
Police Officer MICHAEL NELSON,
Police Officer Sgt. DOUG WRIGHT, Police Officer
CHRIS MILLER, Police Officer STEVE CRISPELL,
and Police Officer DEREK MOORE,

                                        Defendants.
------------------------------------------------

Plaintiff, by his attorneys, Holmberg, Galbraith, Van Houten and Miller, as and for his

Complaint, alleges:

## INTRODUCTION

1. This is a civil action seeking declaratory relief and damages to defend and protect

   the rights guaranteed by the Constitution of the United States.  This civil rights

   complaint arises out of the unconstitutional and tortious acts of Defendant City of

   Ithaca, et al., and its employees and agents, whereby the Defendants wrongfully

   deprived Plaintiff of his constitutional right to be free from unlawful arrest, right to

   be free from excessive force, and right to due process of law, in violation of

   Plaintiff's rights under the Fourth,  Fifth and Fourteenth Amendments to the United

   States Constitution.

2. Plaintiff demands a trial by jury.

HOLMBERG, GALBRAITH,
VAN HOUTEN & MILLER
ATTORNEYS AND
COUNSELORS AT LAW
200 EAST BUFFALO ST.
SUITE 502
ITHACA, NEW YORK 14851-6599

## JURISDICTION AND VENUE

3.      This action arises under the federal questions presented by 42 U.S.C. §§ 1983, 1985, 1986, and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

4.      The Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. §1343 (3) and (4), and 28 U.S.C. §2201.

5.      The causes of action arose in the City of Ithaca, County of Tompkins, State of New York, within the Northern Judicial District of New York.

6.      Venue is based on 28 U.S.C. §1343(a)(3).

## THE PARTIES

7.      At all times pertinent herein the Plaintiff, Donnoch Danfung Dennis (hereinafter "Plaintiff Dennis"), was a resident of the State of New York, County of Tompkins, residing at 101 Eddy Street, Ithaca, New York 14850.

8.      At present, Plaintiff's residence is located at 893 Cayuga Heights Road, Ithaca, NY, County of Tompkins.

9.      At all times pertinent herein Plaintiff Dennis was a student enrolled at Cornell University in Ithaca, New York.

10.     Upon information and belief, at all times pertinent herein the defendant, City of Ithaca (hereinafter "Defendant City"), was and is a municipal corporation, duly organized and existing under the laws of the State of New York, with principal offices located at 108 East Green Street, Ithaca, New York, County of Tompkins.

HOLMBERG, GALBRAITH,
VAN HOUTEN & MILLER
ATTORNEYS AND
COUNSELORS AT LAW
200 EAST BUFFALO ST.
SUITE 502
ITHACA, NEW YORK 14851-6599

2

11.     Upon information and belief, Defendant City maintains a police department consisting of law enforcement officers, said law enforcement officers at all times alleged herein are the employees and agents of Defendant City.

12.     Upon information and belief, at all times pertinent herein the Defendant Police Officer Michael Nelson (hereinafter "Defendant Nelson"), was and is a resident of the State of New York, with sufficient jurisdictional contacts therewith, including his employment with Defendant City as a police officer in the City of Ithaca, New York.

13.     Upon information and belief, at all times pertinent herein the Defendant Police Officer Sgt. Doug Wright (hereinafter "Defendant Wright"), was and is a resident of the State of New York, with sufficient jurisdictional contacts therewith, including his employment with Defendant City as a police officer  in the City of Ithaca, New York.

14.     Upon information and belief, at all times pertinent herein the Defendant Police Officer Chris Miller (hereinafter "Defendant Miller"), was and is a resident of the State of New York, with sufficient jurisdictional contacts therewith, including his employment with Defendant City as a police officer in the City of Ithaca, New York.

15.     Upon information and belief, at all times pertinent herein the Defendant Police Officer Steve Crispell (hereinafter "Defendant Crispell"), was and is a resident of the State of New York, with sufficient jurisdictional contacts therewith, including his employment with Defendant City as a police officer in the City of Ithaca, New York.

16.     Upon information and belief, at all times pertinent herein the Defendant Police Officer Derek Moore (hereinafter "Defendant Moore"), was and is a resident of the State of New York, with sufficient jurisdictional contacts therewith, including his employment with Defendant City as a police officer in the City of Ithaca, New York.

HOLMBERG, GALBRAITH,
VAN HOUTEN & MILLER
ATTORNEYS AND
COUNSELORS AT LAW
200 EAST BUFFALO ST.
SUITE 502
ITHACA, NEW YORK 14851-6599

17.     On January 25, 2004, Plaintiff Dennis and his housemate Timothy Wells

(hereinafter "Wells") were lawfully present in their own residence located at 101 Eddy

Street, Ithaca, New York.

18.     On January 25, 2004 on or about 2:25 a.m., Plaintiff Dennis observed

approximately four City of Ithaca police cars pull up and stop near his residence.

19.     Plaintiff Dennis and Wells lawfully and peacefully walked out of their residence

and lawfully and peacefully walked towards 804 East State Street, Ithaca, New York, the

next door residence, where it appeared Ithaca police officers were responding.

20.     At such time Wells left Plaintiff Dennis's side and Wells lawfully and peacefully

walked over towards the steps 804 East State Street.

21.     Plaintiff Dennis remained alone on the public sidewalk area and lawfully and

peacefully observed the Ithaca police officers respond to the premises of 804 East State

Street.

22.     At all times pertinent herein, Plaintiff Dennis was there lawfully and peacefully

observing members of the City of Ithaca police department responding to an

occurrence, the nature of which occurrence was unknown to Plaintiff Dennis at such

time.

23.     Upon information and belief, Plaintiff Dennis politely asked either Defendant

Wright, Defendant Miller, Defendant Crispell, or Defendant Moore what had occurred at

804 East State Street?

24.     Upon information and belief, no police officer responded to Plaintiff Dennis'

query, but either Defendant Wright, Defendant Miller, Defendant Crispell, or Defendant

HOLMBERG, GALBRAITH,
VAN HOUTEN & MILLER
ATTORNEYS AND
COUNSELORS AT LAW
200 EAST BUFFALO ST.
SUITE 502
ITHACA, NEW YORK 14851-6599

Moore instead asked Plaintiff Dennis if he resided at 804 East State Street, to which question Plaintiff Dennis politely responded he did not.

25.    Upon information and belief, either Defendant Wright, Defendant Miller, Defendant Crispell, or Defendant Moore in an aggressive and intimidating manner several times shouted and demanded to know whether Plaintiff Dennis was a college student.

26.    Plaintiff Dennis asked why it was relevant if he was a college student.

27.    Then and there Plaintiff Dennis observed his housemate Wells being led away in handcuffs by Defendant Nelson.

28.    Upon information and belief, Plaintiff Dennis lawfully and peacefully asked either Defendant Wright, Defendant Miller, Defendant Crispell, or Defendant Moore why his friend was being arrested.

29.    Upon information and belief, either Defendant Nelson, Defendant Wright, Defendant Miller, Defendant Crispell, or Defendant Moore shouted in an aggressive and intimidating tone and repeatedly asked Plaintiff Dennis if he wanted to go to jail too.

30.    Plaintiff Dennis lawfully and politely responded that there was no justification to arrest him.

31.    Upon information and belief, then and there, without cause or proper forewarning, either Defendant Nelson, Defendant Wright, Defendant Miller, Defendant Crispell, or Defendant Moore, grabbed Plaintiff Dennis, handcuffed him and placed Plaintiff under arrest.

HOLMBERG, GALBRAITH,
VAN HOUTEN & MILLER
ATTORNEYS AND
COUNSELORS AT LAW
200 EAST BUFFALO ST.
SUITE 502
ITHACA, NEW YORK 14851-6599

5

32.     Upon information and belief, Plaintiff Dennis was placed under arrest without cause based upon the order to arrest given by Defendant Wright, said Defendant Wright being the highest ranking officer present.

33.     Plaintiff Dennis was not informed why he was placed under arrest.

34.     Plaintiff Dennis, along with Wells, were detained and placed in a City of Ithaca police car, which car was then driven by Defendant Nelson to the City of Ithaca police department headquarters.

35.     Defendant Nelson drove the vehicle in an aggressively accelerating and braking manner which caused Plaintiff Dennis to swing about wildly in the passenger compartment of said vehicle.

36.     Upon arrival at the Ithaca police department, Plaintiff Dennis was handcuffed by one of the defendant police officers to a wall within the police station for approximately ten minutes.

37.     Plaintiff Dennis was un-handcuffed from the wall and was then ordered by Defendant Nelson to remove his coat and shoes.

38.     Plaintiff Dennis asked Defendant Nelson why he had been taken to the police department and why he had been arrested.

39.     Defendant Nelson refused to inform Plaintiff Dennis as to the reason for his arrest.

40.     Then and there without cause or proper forewarning, Defendant Nelson grabbed Plaintiff Dennis' head and forcefully slammed his head against the wall causing Plaintiff Dennis to bleed and suffer physical injuries necessitating medical treatment.

HOLMBERG, GALBRAITH, VAN HOUTEN & MILLER
ATTORNEYS AND
COUNSELORS AT LAW
200 EAST BUFFALO ST.
SUITE 502
ITHACA, NEW YORK 14851-6599

6

41.    Then and there without proper cause or forewarning, Plaintiff's coat and shoes were forcibly removed, to which action Plaintiff Dennis did not resist.

42.    Plaintiff Dennis was then locked and confined in a holding cell by Defendant Nelson and was so detained for approximately eight hours.

43.    Plaintiff Dennis was released after such time and was charged with the non-criminal offense of Disorderly Conduct in violation of New York Penal Law §240.20(6), which Accusatory Instrument was signed by Defendant Nelson.

44.    Thereafter, Plaintiff Dennis duly appeared in Ithaca City Court and entered a not guilty plea.

45.    Thereafter, Plaintiff Dennis retained counsel, and on April 22, 2004, a bench trial was held before Ithaca City Court Judge Judith Rossiter.

46.     By written decision dated May 24, 2004, Plaintiff Dennis was acquitted.

47.    Upon information and belief, at all times pertinent herein, Defendant Nelson, Defendant Wright, Defendant Miller, Defendant Crispell, and Defendant Moore were Ithaca police officers employed by Defendant City and present on January 25, 2004, and such defendant police officers as well as Defendant City's other police officers did not receive adequate training and guidance from superiors at the Ithaca City Police Department with respect to the appropriate response under the circumstances, and during this incident as aforesaid did not have adequate access to a superior officer who could provide proper guidance under the circumstances.

48.    Upon information and belief, at all times pertinent herein, the policy of the Defendant City with respect to the investigation and arrest of individuals under these

IOLMBERG, GALBRAITH,
VAN HOUTEN & MILLER
ATTORNEYS AND
COUNSELORS AT LAW
200 EAST BUFFALO ST.
SUITE 502
HACA, NEW YORK 14851-6599

circumstances was to commence and arrest and criminal prosecution against a suspect, whether or not there was probable cause to do so under the law.

49.    At all times pertinent herein, the Defendant City and its employees, Defendant Nelson, Defendant Wright, Defendant Miller, Defendant Crispell and Defendant Moore individually and in concert, acted knowingly and intentionally, except to the extent that they acted negligently or recklessly.

50.    At all times pertinent herein, the Defendant City and its employees, Defendant Nelson, Defendant Wright, Defendant Miller, Defendant Crispell and Defendant Moore, individually and in concert, acted knowingly and intentionally, and in reckless or callous indifference to plaintiff's federally protected rights.

51.    At all times pertinent herein, defendants acted under color of state law.

52.    At all pertinent time herein, defendants knew that that the arrest, detention, and use of force against Plaintiff Dennis was unlawful and in violation of Plaintiff's constitutional rights.

53.    At all times pertinent herein, Plaintiff Dennis never consented to the actions of the defendants, or any of them, as the same abridged his rights of personal freedom and liberty.

### CAUSE OF ACTION 1: VIOLATIONS OF 42 U.S.C. §1983 et seq.: FALSE ARREST, UNLAWFUL DETENTION, and EXCESSIVE AND UNREASONABLE FORCE

54.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 53 above with the same force and effect as if herein set forth.

55.    At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

OLMBERG, GALBRAITH,
VAN HOUTEN & MILLER
ATTORNEYS AND
COUNSELORS AT LAW
200 EAST BUFFALO ST.
SUITE 502
HACA, NEW YORK 14851-6599

56.     Acting under the color of law, Defendants worked a denial of Plaintiff Dennis' rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit,

> (a) by depriving Plaintiff Dennis of his liberty without due process of law, by taking him into custody and holding him there against his will without lawful or probable cause,
>
> (b) by subjecting Plaintiff Dennis to excessive force and brutality,
>
> (c) by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws,
>
> (d) by refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States,
>
> (e) unlawfully and maliciously harassing Plaintiff Dennis who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,
>
> (f) unlawfully and maliciously arresting, imprisoning and prosecuting Plaintiff Dennis who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,
>
> (g) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff Dennis by the Constitution and laws of the United States; and
>
> (h) otherwise depriving Plaintiff Dennis of his constitutional and statutory rights, privileges, and immunities.

57.     As a result of the foregoing concerted unlawful and malicious actions of defendants, Plaintiff Dennis was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

IOLMBERG, GALBRAITH, VAN HOUTEN & MILLER
ATTORNEYS AND COUNSELORS AT LAW
200 EAST BUFFALO ST.
SUITE 502
HACA, NEW YORK 14851-6599

58.    As a result of the foregoing, the Defendant City and its employees, Defendant Nelson, Defendant Wright, Defendant Miller, Defendant Crispell and Defendant Moore, acting individually or in concert, have deprived Plaintiff Dennis of a federal right, including the rights and privileges guaranteed them under the United States Constitution and federal statutes.

59.    As a result of the foregoing, the defendants, acting individually or in concert, deprived Plaintiff Dennis of his rights acting under color of state law.

60.    As a result of the foregoing, Plaintiff Dennis has been damaged in the following but not limited to:  public humiliation, embarrassment and shame; loss of constitutional rights; loss of dignity; loss of privacy; interference with personal life and happiness; deprivation of liberty; obligation for legal fees and related defense costs; pain, suffering, mental anguish and general inconvenience; and otherwise was damaged.

61.    As a direct and proximate result of the violation of his constitutional rights by the Defendants, Plaintiff Dennis suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983.

62.    The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

### CAUSE OF ACTION 2: VIOLATIONS OF 42 U.S.C. § 1983 et seq. REFUSING OR NEGLECTING TO PREVENT

63.    Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 62 above with the same force and effect as if herein set forth.

IOLMBERG, GALBRAITH, VAN HOUTEN & MILLER
ATTORNEYS AND
COUNSELORS AT LAW
200 EAST BUFFALO ST.
SUITE 502
HACA, NEW YORK 14851-6599

64.    Acting under color of law and pursuant to official policy or custom, Defendant City, recklessly, or with gross negligence failed to train, instruct, supervise, control, and discipline on a continuing basis Defendant Nelson, Defendant Wright, Defendant Miller, Defendant Crispell and Defendant Moore and its other police officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen such as Plaintiff who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen such as Plaintiff who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(c) conspiring to violate the rights, privileges, and immunities guaranteed to a citizen such as Plaintiff by the Constitution and laws of the United States; and

(d) otherwise depriving a citizen such as Plaintiff of his constitutional and statutory rights, privileges, and immunities.

65.    Defendant City had knowledge or, had it diligently exercised its duties to train, instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed.

66.    Defendant City had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

67.    Defendants City directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of its employees and Defendant police officers as alleged herein.

HOLMBERG, GALBRAITH,
VAN HOUTEN & MILLER
ATTORNEYS AND
COUNSELORS AT LAW
200 EAST BUFFALO ST.
SUITE 502
ITHACA, NEW YORK 14851-6599

68.     As a direct and proximate cause of the negligent, reckless, callous and intentional acts of defendants as set forth hereinabove, Plaintiff suffered physical injury, severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

69.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiff Dennis suffered general and special damages as alleged herein and are entitled to relief under 42 U.S.C §1983.

70.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

### CAUSE OF ACTION 3: VIOLATIONS OF 42 U.S.C. §1983 et seq.
### FAILURE TO IMPLEMENT APPROPRIATE POLICIES, CUSTOMS AND PRACTICES

71.     Plaintiff Dennis repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 70 above with the same force and effect as if herein set forth.

72.     Defendant City has a policy, practice and custom of failing to adequately train, supervise, and discipline its officers.

73.     Defendant City has a policy of failing to fully investigate citizen complaints made against its police officers and in failing to adequately discipline its officers for misconduct.

74.     Defendant City was deliberately indifferent and failed to take proper remedial and disciplinary action against Defendant Nelson, Defendant Wright, Defendant Miller,

HOLMBERG, GALBRAITH, VAN HOUTEN & MILLER ATTORNEYS AND COUNSELORS AT LAW 200 EAST BUFFALO ST. SUITE 502 ITHACA, NEW YORK 14851-6599

Defendant Crispell and Defendant Moore, and other police officers present during the incident alleged herein for previous improper conduct of which Defendant City had actual or constructive knowledge.

75.     Defendant City's failure to properly investigate and discipline its police officers for misconduct involving excessive force and unlawful arrests is a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law.

76.     Defendant City failed to provide adequate training and guidance to its police officers with respect to the appropriate response under the circumstances, and during this incident as alleged herein, Defendant Nelson, Defendant Wright, Defendant Miller, Defendant Crispell and Defendant Moore and the other responding police officers did not have adequate access to superior officer who could provide proper guidance under the circumstances.

77.     The failure of the Defendant City to adequately train and supervise Defendant Nelson, Defendant Wright, Defendant Miller, Defendant Crispell and Defendant Moore and its other police officers amounts to deliberate indifference to the rights of the Plaintiff Dennis to be free from unlawful arrest, excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

78.     The Defendant City has adopted policies, procedures, practices or customs that allow, among other things, the use of unlawful arrest and excessive force when other more reasonable and less drastic methods are available.

HOLMBERG, GALBRAITH,
VAN HOUTEN & MILLER
ATTORNEYS AND
COUNSELORS AT LAW
200 EAST BUFFALO ST.
SUITE 502
ITHACA, NEW YORK 14851-6599

79.     Defendant City's policy and practice of permitting its police officer to engage in unlawful arrests and excessive force in circumstances such as alleged herein is a widespread abusive practice that has been implicitly condoned and adopted by those responsible for making municipal policy.

80.     The actions of Defendant City amount to deliberate indifference to the rights of Plaintiff Dennis to be free of unlawful arrest and excessive force and unreasonable seizures under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

81.     As a result of the deliberate indifference to Plaintiff Dennis' rights by the Defendant City, its agents, servants and employees, Plaintiff Dennis suffered serious personal injuries and is entitled to relief under 42 U.S.C. §1983.

82.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## WHEREFORE, Plaintiff demands judgment:

1)     Against all of the Defendants, for a declaration that they violated Plaintiffs' Civil Rights pursuant to 42 U.S.C. § 1983, 1985, 1986, and 1988 and under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution;

2)     Against all of the Defendants for damages, actual, special, compensatory and general, in the amount of Five Hundred Thousand Dollars ($500,000.00) and, One Million Dollars ($1,000,000.00) for punitive damages as allowable by law, attorneys' fees to which Plaintiffs are statutorily entitled, costs, and disbursements, and for such other and further relief as the court deems proper.

HOLMBERG, GALBRAITH,
VAN HOUTEN & MILLER
ATTORNEYS AND
COUNSELORS AT LAW
200 EAST BUFFALO ST.
SUITE 502
ITHACA, NEW YORK 14851-6599

Dated: January 24, 2007
Ithaca, N.Y.

Scott A. Miller, ESQ.
Bar Roll # 513398
HOLMBERG, GALBRAITH,
VAN HOUTEN & MILLER
Attorneys for Plaintiff Danfung Dennis
200 E. Buffalo Street #502
607-273-5475 (ph)

HOLMBERG, GALBRAITH,
VAN HOUTEN & MILLER
ATTORNEYS AND
COUNSELORS AT LAW
200 EAST BUFFALO ST.
SUITE 502
ITHACA, NEW YORK 14851-6599